JADAMS@ARML.ORG

## IN THE CIRCUIT COURT OF BRADLEY COUNTY, ARKANSAS

DAVDRIN GOFFIN             PLAINTIFF

VS.             NO. CV-2015-0183

WARREN POLICE DEPARTMENT, CITY
OF WARREN, ARKANSAS, ROBBIE K.
ASHCRAFT IN HER OFFICIAL AND
INDIVIDUAL CAPACITY AND JOHN DOES
1 THROUGH 10             DEFENDANTS

Filed For Record This 4th Day Of March 2015 At 9:45 O'Clock A m
Cindy Wagnon, Circuit Clerk
By _____
Bradley County, Arkansas

### COMPLAINT

Comes now Davdrin Goffin by and through his attorney, Robert L. Depper, Jr., brings this Complaint and alleges as follows:

### I. Jurisdiction and Venue

1. This Court has concurrent jurisdiction over the plaintiff's claim pursuant to 28 U.S.C. § 1331, 1343 and 1367.

2. Venue is proper as all activity involving this cause of action occurred in Bradley County, Arkansas.

### II. Parties

3. The plaintiff, Davdrin Goffin, was and is at all times relevant to this Complaint a resident of Bradley County, Arkansas.

4. That the defendant, Robbie K. Ashcraft, was and is at all times relevant to this Complaint a resident of Bradley County, Arkansas, and was and is a police officer of the City of Warren, Arkansas.

5. The Warren Police Department is a municipal department of the City of Warren, Arkansas for which the defendant, Robbie K. Ashcraft, served as a police officer.

1

6. The defendant, City of Warren, is a political subdivision of the State of Arkansas for which Robbie K. Ashcraft served as a police officer.

7. The separate defendants, John Does 1 through 10, are individuals as yet unknown to the plaintiff, Davdrin Goffin, but whose action or inaction contributed to the causes of action contained in this Complaint.

### III. Statement of Facts

8. On the 13th day of September, 2012, a call was made that a felony warrant had been issued against Davdrin Goffin wherein it was asserted that Davdrin Goffin had burglarized a relative's home and stole two handguns and ammunition.

9. That responding to the outstanding warrant, Robbie K. Ashcraft went in search for Davdrin Goffin.

10. That on the 13th of September, 2013, Ashcraft had information that caused her to believe that Davdrin Goffin was located at a local commercial garage.

11. That Robbie K. Ashcraft and her partner, Patrolman Aaron Hines, did on the 13th of September, 2013 look for Davdrin Goffin.

12. As Patrolman Aaron Hines and Patrolman Sgt. Robbie K. Ashcraft searched, they found Davdrin Goffin in a white car talking on a phone. Davdrin Goffin was sitting on the front passenger seat of the car and was in plain view. Goffin was at the local commercial garage.

13. That Sgt. Ashcraft then moved up on the driver's side of the car. At that point, Patrolman Aaron Hines had already walked up to the front passenger side of the car. When the officers approached the vehicle and got to their respective positions, both had their guns drawn and pointed at Davdrin Goffin.

2

14. That after Sgt. Ashcraft moved up to the driver's side, Patrolman Aaron Hines holstered his weapon and pulled out his taser. Sgt. Ashcraft was talking to Davdrin Goffin. Patrolman Hines after drawing his taser told Davdrin Goffin to show Patrolman Hines his hands. Davdrin Goffin continued to talk on the phone.

15. That Davdrin Goffin told whoever he was speaking with on the phone that the police were there and that he did not have a gun. Davdrin put his hands up.

16. That Patrolman Aaron Hines then asked Davdrin Goffin to keep his hands up and to get out of the vehicle.

17. That Davdrin Goffin then reached down and opened the door.

18. That Patrolman Aaron Hines, still holding his taser, told Davdrin Goffin to get out of the car slowly.

19. That Davdrin Goffin got out of the vehicle slowly with both hands up.

20. That when Davdrin Goffin got out of the car, he was still holding in one of his hands a cell phone. Davdrin Goffin was then by Patrolman Aaron Hines moved to the rear of the vehicle where Hines had Davdrin Goffin place his hand on the trunk.

21. That as Davdrin Goffin turned toward the trunk, Patrolman Aaron Hines holstered his taser and then reached for Davdrin Goffin's right hand to place handcuffs on Davidrin Goffin.

22. That when Officer Hines reached for Davdrin Goffin's right hand, Davdrin Goffin then started running away.

23. That when Davdrin Goffin took one step, he ran past Sgt. Ashcraft at which time Sgt. Ashcraft instantly without warning shot Davdrin Goffin.

3

24. Davdrin Goffin at no time got physical with Patrolman Aaron Hines nor did he at any time get physical with Sgt. Ashcraft.

25. That when Sgt. Ashcraft shot Davdrin Goffin, Goffin was shot in his low back.

26. That after Sgt. Ashcraft shot Davdrin Goffin, an ambulance was called. Davdrin Goffin was handcuffed and after being searched was then taken to the hospital.

27. That as a proximate cause of being shot, Davdrin Goffin has suffered significant physical injury from the gunshot. He has suffered residual difficulties of paralysis in his leg, pain throughout his body particularly the lower half of his body, mental anguish, and inability to get a job.

28. That the paralysis of Davdrin Goffin has not only been suffered in the past but is being suffered in the present and will be suffered in the future. This is also true of his pain. It has been suffered in the past, is suffered in the present, and will continue to be suffered in the future. Davdrin Goffin has, as a proximate cause of the wrongful shooting suffered in the past, suffers in the present and will suffer in the future the inability to obtain employment due to his physical injuries. Davdrin Goffin has suffered in the past, is currently suffering, and will in the future suffer medical expenses.

29. That all the injuries stated above were proximately caused by Sgt. Robbie K. Ashcraft wrongfully shooting Davdrin Goffin.

30. That when Sgt. Ashcraft wrongfully shot Davdrin Goffin, she did this in violation of the use of force policy of the city police department and the City of Warren, Arkansas. Sgt. Robbie K. Ashcraft is a police officer who was not properly trained by the city and its police department on use of force issues and it is on information and belief of the plaintiff that Robbie K. Ashcraft has had difficulties in the past with use of force and has not been disciplined,

4

managed or trained by the Warren Police Department or the City of Warren. This is real significant when one realizes that it was well known to the chief of police of the Warren Police Department and the City of Warren that Robbie K. Ashcraft had a propensity to violate individuals and defendants' rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution by not adhering to constitutionally valid use of potentially deadly force on a defendant. Furthermore, the defendants certainly should have been aware of Sgt. Robbie K. Ashcraft's propensity to commit an act of battery or negligently commit battery and to commit the tort of outrage and other civil rights violations, against individual defendants with no justification.

31. That the City of Warren and the Warren Police Department were aware or should have been aware of the propensity of Sgt. Robbie K. Ashcraft to violate 42 U.S.C. § 1983.

32. That the City of Warren and the Warren Police Department should have been aware of the propensity of Sgt. Robbie K. Ashcraft to violate individuals' rights protected under the Arkansas Civil Rights Act of 1983 codified as Ark. Code Ann. § 16-123-101 et seq.

33. The Warren Police Department and the City of Warren are and were responsible for the training of Robbie K. Ashcraft as well as the supervision of Robbie K. Ashcraft.

34. In spite of the responsibility and the knowledge of the propensities of Robbie K. Ashcraft to violate the above-stated sections of law and the use of force policy of the Warren Police Department, the City of Warren and the Warren Police Department inadequately trained Robbie K. Ashcraft relative to use of force or the use of potentially deadly physical force, on defendants and because of that inadequate training and/or supervision, Robbie K. Ashcraft was allowed to formulate and demonstrated an indifference to the rights of defendants and therefore being allowed to exercise this indifference by shooting Davdrin Goffin.

35. The use of excessive force is so well settled and widespread by the Warren Police Department and the City of Warren, Arkansas that there is indifference demonstrated by the Warren Police Department and the City of Warren as to use of excessive force by its law enforcement. Yet the Warren Police Department or the City of Warren, Arkansas did nothing to end the improper use of force.

## IV. CAUSES OF ACTION

### COUNT I. VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION

36. Plaintiff Davdrin Goffin repeats and incorporates herein by reference to the allegations of the preceding paragraphs of this Complaint as if set out word for word herein.

37. That Davdrin Goffin, when taken control of by Patrolman Hines and Sgt. Robbie K. Ashcraft, was clearly under arrest as his freedom had been restrained. He was therefore under arrest and the authority of Sgt. Robbie K. Ashcraft and Patrolman Hines and was the responsibility of the Warren Police Department.

38. Once under arrest and the authority of Sgt. Ashcraft and Patrolman Hines, Sgt. Ashcraft had the duty to protect Davdrin Goffin from cruel and unusual punishment.

39. This right to be protected from cruel and unusual punishment is set forth in the Eighth Amendment of the United States Constitution. Said right was violated when defendant Robbie K. Ashcraft unlawfully and without justification used a potentially deadly force and shot Davdrin Goffin. Davdrin Goffin was not even warned of the impending shooting.

40. The policies, practices, procedures and customs established by the Warren Police Department and the City of Warren shows a manifest indifference to the use of force which led violations of to the violation of the right of Davdrin Goffin to be free from Eighth Amendment

6

violations. Therefore, all the defendants herein are liable to Davdrin Goffin for the Eighth Amendment violations committed by Sgt. Robbie K. Ashcraft.

## COUNT II. VIOLATION OF DUE PROCESS

41. That Davdrin Goffin repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint as if set forth fully herein.

42. That Davdrin Goffin's rights to be protected under the Fourteenth Amendment of the United States Constitution were violated when Sgt. Robbie K. Ashcraft used excessive force on the 13th day of September, 2012.

43. That the action taken by Sgt. Robbie K. Ashcraft was so egregious, so outrageous that they shock the conscience.

44. The actions taken by Sgt. Ashcraft violated Davdrin Goffin's fundamental right to be free from excessive force and the right to due process.

45. That the policies, practices, procedures and customs established by the Warren Police Department and the City of Warren shows a manifest indifference to the use of force which led to a violation of the Fourteenth Amendment rights of plaintiff Davdrin Goffin, this under the United States Constitution. Therefore, the defendants herein are all liable under the Fourteenth Amendment of the United States Constitution for use of excessive force in violation of due process.

## COUNT III. VIOLATION OF THE PLAINTIFF'S RIGHT UNDER THE FOURTH AMENDMENT OF THE U. S. CONSTITUTION TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE.

46. That Plaintiff Davdrin Goffin repeats and incorporates herein by reference the allegations in the preceding paragraphs above in this complaint as if set out more fully herein.

47. That the Fourth Amendment of the U. S. Constitution states that a person is to be free from unreasonable search and seizure.

48. That when Sgt. Ashcraft shot the plaintiff without warning, she violated the police department's use of force policy.

49. That the use of excessive force resulted in an illegal use of force and therefore an illegal search and seizure of the plaintiff.

50. The policies, practices, procedures and customs of the Warren Police Department and the City of Warren shows a manifest indifference to the use of force which led to the Fourth Amendment right of the plaintiff of the U. S. Constitution to be free from an illegal search and seizure being violated.

## COUNT IV. VIOLATION OF 42 U.S.C. § 1983

51 That Davdrin Goffin, for purposes of this count, repeats and incorporates herein by reference the allegations of the preceding paragraphs of this Complaint as if set out fully herein.

52 That the actions of the defendants herein all occurred under color of state law. The rights violated as noted above were those guaranteed when the the Fourth, Eighth and Fourteenth Amendment of the United States Constitution. Therefore the defendants herein violated 42 U.S.C. § 1983.

53 The policies, practices, procedures and customs established by the Warren Police Department and the City of Warren shows a manifest indifference to the use of force which led

to the violation of Title 42 U.S.C. § 1983. Therefore, in addition to Robbie K. Ashcraft being liable and responsible for the violation of the plaintiff's rights, so, too, are the City of Warren and the Warren Police Department.

### COUNT V. VIOLATION OF PLAINTIF'S RIGHTS UNDER ARKANSAS CIVIL RIGHTS ACT 1993, ARK. CODE ANN. §§ 16-123-101, et seq

54. That plaintiff Davdrin Goffin repeats and incorporates herein by reference the allegations in the preceding paragraphs above in this Complaint as if set out more fully herein.

55. That plaintiff Davidrin Goffrin's rights protected under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, et seq were violated when Sgt. Robbie K. Ashcraft shot Davdrin Goffin without due process of law and when Goffin was searched and seized him without justification, all in violation of any reasonable standard of use of potentially deadly force.

56. The policies, practices, procedures, and customs established by the City of Warren and the Warren Police Department show a manifest indifference to the use of force and the rights guaranteed by the Arkansas Civil Rights Act, such led to the violation of the right of Davdrin Goffin to be free of the use of excessive force, to be granted due process, to be free of an illegal search and seizure and therefore, committed a violation of the Civil Rights Act of 1993, Ark. Code Ann. §16-123-101, et seq.

### COUNT VI. TORT OF OUTRAGE

57. That Davdrin Goffin repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint as if set out more fully herein.

58. That Davdrin Goffin suffered physical and mental harm as a result of the actions of the defendants. Said actions were intentional and outrageous, particularly the use of potentially deadly physical force without justification and without a warning.

59. The defendants knew or should have known the propensity of St. Ashcraft to use inappropriate use of potentially deadly physical force.

60. That the conduct of Sgt. Robbie K. Ashcraft and the lack of proper training or even caring about the history and the propensity of Sgt. Robbie K. Ashcraft, to use inappropriate potentially deadly force goes beyond all possible bounds of decency and is utterly intolerable in a civilized community.

61. The physical and emotional distress sustained by Davdrin Goffin was so severe that no reasonable person could be expected to endure it.

62. The policies, practices, procedures and customs established by the defendants that resulted in Robbie K. Ashcraft believing it was appropriate to use inappropriate potentially deadly physical force shows a manifest indifference to the use of force, such makes the defendants herein all liable for the injuries proximately caused to Davdrin Goffin on the grounds of the tort of outrage.

## COUNT VII. TORT OF NEGLIGENCE

63. That Davdrin Goffin in this cause of action reasserts, realleges and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint as if set out in full herein.

64. That the action of Robbie K. Ashcraft, if not intentional, was negligent. Such is also true that the negligence proximately caused the injuries sustained by Davdrin Goffin as set forth above.

65. That the policies, practices, procedures and customs established by the defendants shows a manifest indifference or malicious or reckless disregard to use force which led to, if not the intentional actions of Robbie K. Ashcraft in using potentially excessive deathly force, then negligent action and as such, all the defendants are responsible under the tort of negligence for the injuries suffered, past, present and future, of the plaintiff.

## COUNT VIII. TORT OF BATTERY

66. That the plaintiff, Davdrin Goffin, repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint as set forth more fully herein.

67. That it being an intentional or a negligent act by Sgt. Robbie K. Ashcraft in the use of excessive force, Sgt. Robbie K. Ashcraft committed the tort of battery on Davdrin Goffin.

68. That the policies, practices, procedures and customs of all the defendants shows a manifest indifference or malicious or reckless disregard to the use of force which led to Robbie K. Ashcraft committing the tort of battery upon Davdrin Goffin for which all the defendants should be held responsible.

## CONCLUSION

69. That all the defendants herein have violated Davdrin Goffin's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

70. That through their violation under color of law, Davdrin Goffin's rights as set forth above have been violated and therefore, there is liability under Title 42 U.S.C. § 1983.

71. That the defendants herein violated Davdrin Goffin's rights under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, et seq.

72. That the defendants herein also have committed the tort of outrage against Davdrin Goffin.

73. That the defendants herein have also committed the tort of negligence against Davdrin Goffin.

74. The defendants herein have also committed the offense of battery upon Davdrin Goffin.

75. That it is the actions of Sgt. Robbie K. Ashcraft and the policies, practices, procedures and customs of all the defendants that allowed Sgt. Robbie K. Ashcraft to use excessive force against Davdrin Goffin which proximately caused the above-stated injuries suffered by Davdrin Goffin.

76. That Davdrin Goffin should be awarded a judgment against the defendants for an amount of money sufficient to compensate him for the damages that he has suffered both in the past, present and future relative to medical expenses, pain and suffering, mental anguish, loss of capacity to work as well as attorney's fees. The amount of said judgment will be equal to or greater than that required for federal jurisdiction, the specific amount of which will be more particularly proven at trial.

77. That in addition to Davdrin Goffin being awarded compensatory damages, he should also be awarded punitive damages as the conduct of the defendants was malicious, willful and wanton. The defendant's conduct also shows a reckless disregard and/or a malicious indifference to the rights of Davdrin Goffin and the use of potentially deadly physical force.

WHEREFORE, it is prayed that Davdrin Goffin be granted a jury trial on all issues. It is further prayed that Davdrin Goffinn be granted a judgment for compensatory damages against all the defendants, jointly and severally, both in their official and individual capacities.

That it is believed that the judgment amount that should be granted to the plaintiff against the defendants will be equal to, and greater than, $75,000, as this is the minimum amount established

for federal jurisdiction. The specific amount of the damages for which judgment should be granted to Davdrin Goffin will be more particularly proven at trial.

It is further prayed that Davdrin Goffin be awarded any and all other relief deemed justified by the circumstances to include, but not limited to, the awarding of attorney's fees and court costs and punitive damages.

DEPPER LAW FIRM<br>
Attorneys for Davdrin Goffin<br><br>
By _____<br>
Robert L. Depper, Jr., #81046<br>
101 West Main, Suite 200<br>
El Dorado, AR 71730<br>
Phone 870.862.5505<br>
Fax 870.862.7591

13