### IN THE UNITED STATES DISTRICT COURT OF ARKANSAS
### WESTERN DISTRICT
### EL DORADO DIVISION

**DAVDRIN GOFFIN**                                                                  **PLAINTIFF**

**V.**                                      **N: 1:15-CV-1040-SOH**

**RANDY PEEK, individually and in his**
**Official capacity as Police Chief for**
**The City of Warren, CITY OF WARREN,**
**ROBBIE K. ASHCRAFT, in her official and**
**Individual capacity as a law enforcement officer**
**Of the city of warren, BRYAN MARTIN,**
**Individually and in his official capacity as**
**Mayor for the City of Warren, Arkansas and**
**John Does 1 through 10**                                                **DEFENDANTS**

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

In compliance with Rules 5, 33 and 34 of the Federal Rules of Civil Procedure,

Defendants served the Plaintiff with discovery requests on November 23, 2015; however,

Plaintiff has failed to adequately respond to these discovery requests.

Rule 26(b)(1) of the Federal Rules of Civil Procedures provides that:

Parties may obtain discovery regarding any matter, not privileged, that is
relevant to the claim or defense of any party, including the existence,
description, nature, custody, condition, and location of any books, documents,
or other tangible things and the identity and location of persons having
knowledge of any discoverable matter. . . .   Relevant information need not be
admissible at the trial if the discovery appears reasonably calculated to lead
to the discovery of admissible evidence.

Rule 33 states, in pertinent part:

The party upon whom the interrogatories have been served shall serve a copy
of the answers, and objections if any, within thirty (30) days after the service
of the interrogatories.

All grounds for an objection to an interrogatory shall be stated with
specificity.  Any ground not stated in a **timely objection** is waived unless the
party's failure to object is excused by the Court for good cause shown.

Fed. R. Civ. P. 33(b)(3)-(4)(paragraph numbers omitted)(*emphasis added*).

Furthermore, Rule 34 provides that:

> The party upon whom the request [for production of documents] is served shall serve a written response within 30 days after the service of the request. . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.

Fed. R. Civ. P. 34(b).

Plaintiff's Complaint alleges that Defendants are liable for Fourth, Eighth and Fourteenth Amendment violations due to an alleged unreasonable seizure. Plaintiff seeks damages from Defendants for their alleged misconduct. In his Complaint, Plaintiff claims that he suffered severe physical and mental distress.

In light of Plaintiff's claims for severe physical and mental distress, Defendants should be permitted to discover information concerning Plaintiff's medical history. That Plaintiff may not have sought medical treatment for the emotional and mental injuries he allegedly suffered does not preclude Defendants from discovering information pertinent to his claims for such damages. The information and documents sought by Defendants are relevant to the claims for relief made by the Plaintiff. Plaintiff's past medical treatment is relevant in determining the extent of causation for any emotional or mental injuries which Defendants have allegedly inflicted.

The prerequisites under Rule 37 have been satisfied. Via correspondence and telephone, Defendants have attempted to secure responses to their discovery requests. Despite Defendants' good faith attempts, Plaintiff has failed to participate in the discovery process without Court intervention.

For these reasons, Plaintiff should be compelled to respond to Defendants' First Set of Interrogatories and Requests for Production of Documents without objection. In the

alternative, Defendants respectfully request that Plaintiff's claims for any loss of income and emotional, mental or psychological injuries be dismissed with prejudice.

WHEREFORE, Defendants pray that this Court issue an Order directing Plaintiff to respond without objection to the said discovery within five (5) days of the Court's said Order, and for all other just and proper relief to which they are entitled.

Respectfully submitted,

RANDY PEEK, ROBBIE K. ASHCRAFT, BRYAN MARTIN, in their individual and official capacities, and THE CITY OF WARREN, ARKANSAS, Defendants

By:    /s/ John L. Wilkerson
John L. Wilkerson, ABA #2008046
Attorney at Law
PO Box 38
North Little Rock, AR  72115
Tel:  (501) 978-6136
Fax:  (501) 978-6567
jwilkerson@arml.org

**CERTIFICATE OF SERVICE**

I, John L. Wilkerson, hereby certify that on this 29th day of July, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all participants listed below, and I further certify that I have mailed the document to all non-participants via Certified Mail, Return Receipt Requested:

Robert L. Depper, Jr.
Depper Law Firm
101 West Main, Suite 200
El Dorado, AR 71730

/s/ John L. Wilkerson
John L. Wilkerson, ABA #2008046

3